MCGREGOR W. SCOTT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>RUDY SOTO, JR.<br><br>　　　　　　Defendant. | CASE NO. 1:19-MJ-00119<br><br>**STIPULATION TO CONTINUE PRELIMINARY HEARING AND TO EXTEND TIME WITHIN WHICH AN INDICTMENT OR INFORMATION MAY BE FILED; ORDER**<br><br>Date: June 4, 2020<br>Time: 2:00 p.m.<br>Honorable Sheila K. Oberto |

　　　　The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KIMBERLY A. SANCHEZ, Assistant United States Attorney, and the defendant, by and through his attorney of record, CHRIS CAINE, hereby stipulate and agree as follows:

　　　　The defendant was charged by Criminal Complaint in the above-captioned matter on or about May 31, 2019 and arrested on May 5, 2019. He appeared that same day. The Preliminary Hearing in this matter was set for May 21, 2020 at 2:00 p.m. Pursuant to a stipulation, the Court ordered the preliminary hearing to be continued to June 4, 2020 at 2:00 p.m. Since that Order, the parties have engaged in discussions, the government has provided initial discovery, including law enforcement reports and a criminal history report, to the defendant. The government anticipates providing video and photos to the defendant on or about Friday, May 29, 2020. Defense would like time to review the discovery and discuss it with defendant, and to further investigate, if necessary. Additionally, COVID-

STIPULATION TO CONTINUE PRELIMINARY HEARING　　　1

19 considerations still exist as set forth below.  As such, the parties stipulate and request the court to Order that the preliminary hearing be continued to June 30, 2020.

In response to the current COVID-19 public emergency, the Centers for Disease Control and Prevention (CDC) has issued guidelines recommending against gatherings of fifty or more persons, effective March 15, 2020; on March 16, 2020, President Trump cautioned that gatherings should be limited to ten persons or fewer; the World Health Organization declared COVID-19 a global pandemic on March 11, 2020; President Trump declared the outbreak to constitute a national emergency on March 13, 2020; California Governor Gavin Newsom declared a state of emergency on March 4, 2020 and issued a shelter in place order on March 19, 2020.

The CDC currently recommends that people attempt to keep an appropriate distance between themselves and other people, a technique known as social distancing, which is especially important for individuals with a higher health risk, and that employers attempt to minimize exposure between employees and the public and to consider the public health and safety when scheduling group or public events; and

On April 17, 2020, this Court issued General Order 617, suspending all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1, 2020.  General Order 618 continued the closure of the courthouses to members of the public without official business before the Court until further order, and also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act, referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial emergency in the district until further notice, suspending jury trials until further order, and ordering that any criminal matters that remain on calendar are to be conducted by telephone or video conference to the full extent possible, while allowing exceptions on a case-by-case basis.  In addition, the Order left to the United States Attorney whether to call in the grand juries to indict cases.  Thus far, the United States Attorney has not called the grand jury due to public health issues and no grand jury has been in session since the defendant's arrest.  This General Order was entered to address public health concerns related to COVID-19.

///

STIPULATION TO CONTINUE PRELIMINARY HEARING      2

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), an information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested but "[i]f an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days".[1] In addition to this automatic exclusion, the Act excludes "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest in the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Under 18 U.S.C. § 3164, an additional speedy-trial requirement applies to a defendant who is (1) "being held in detention solely because he is awaiting trial" or (2) "released" but "designated by the attorney for the Government as being 'high risk.'" 18 U.S.C. § 3164(b). For such defendants, trial "shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government." *Id*. Failure to do so shall result in release from custody or "automatic review . . . of the conditions of release." *Id*. However, the "periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section." *Id*. Accordingly, the ends-of-justice exclusion applies to § 3164's 90-day rule.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either

---

[1] This provision should apply to grand juries that remain available but are not sitting. The Supreme Court has referred to a grand jury being "not in session" to refer to the grand jury's "schedule," not its empanelment. *Jaben v. United States*, 381 U.S. 214, 219 (1964); *United States v. Towill*, 548 F.2d 1363, 1367 (9th Cir. 1977) ("A close reading of *Jaben* convinces us that the Court meant to equate 'session' with the current 'grand jury schedule,' not with the theoretical possibility of summoning a grand jury on short notice."). "In session," under Federal Rule of Criminal Procedure 6(d)(1), similarly refers to a particular meeting of the grand jury; thus the Rule describes the "persons who may be present while the grand jury is in session[.]" *Id*.

orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the Preliminary Hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on June 4, 2020.
2. Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into

account the public interest in the prompt disposition of criminal cases, good cause exists to continue the preliminary hearing date to June 30, 2020.

3. Because no grand jury will likely be in session in the Eastern District of California until after June 4, 2020, even if the additional 30-day extension under 18 U.S.C. § 3161(b) did not apply, a continuance should be granted because failure to grant a continuance in this matter would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, and the ends of justice served by a continuance in this case therefore outweigh the best interest of the public and defendant in a speedy trial.

4. In addition, the ends of justice served by a continuance outweigh the best interests of the defendant and the public in a speedy trial because failure to grant a continuance would:

    a) likely result in a miscarriage of justice;

    b) deny counsel for the defendant and the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c) The discovery associated with this case includes recordings/videos, and reports and the government has provided a portion of the discovery, and will provide additional discovery to the defense so that counsel may investigate the charges and consult with his client;

    d) Counsel for defendant desires additional time to review discovery and to confer with his client regarding a potential resolution of this matter.

    e) Counsel for the parties believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, especially in light of the closing of the United States Attorney's Office due to possible exposure to COVID-19;.

    f) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the grand jury be required to meet or a trial be set to proceed.

5. Based on the above-stated findings, the ends of justice served by continuing the case as

STIPULATION TO CONTINUE PRELIMINARY HEARING     5

1  requested outweigh the interest of the public and the defendant in a trial within the original date
2  prescribed by the Speedy Trial Act.

3        6.     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq.,
4  within which trial and indictment must commence, the time period of June 4, 2020 through and
5  including June 30, 2020 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)
6  [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the
7  basis of the Court's finding that the ends of justice served by taking such action outweigh the best
8  interest of the public and the defendant in a speedy trial

9        7.     Therefore, the parties agree that time should be excluded from computation under the
10  Speedy Trial Act under 18 U.S.C. § 3161(h)(7).

11        ACCORDINGLY, the parties respectfully ask the Court to find that:

12        Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the
13  public interest in the prompt disposition of criminal cases, good cause exists to continue the preliminary
14  hearing date to June 30, 2020.

15        Because no grand jury will be in session in the Eastern District of California for the 30-day
16  period after the arrest of the defendant in this case, the period of time for filing of the indictment is
17  therefore extended to pursuant to 18 U.S.C. § 3161(b), namely until July 2, 2020;

18        In any event, the ends of justice served by a continuance outweigh the best interests of the public
19  and the defendant in a speedy trial, and the period of time from June 4, 2020 to and including June 30,
20  2020, constitutes a period of delay that shall be excluded in computing the time within which an
21  information or an indictment must be filed and within which trial must begin pursuant to 18 U.S.C. §
22  3161(h)(7).

23        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy
24  Trial Act dictate that additional time periods are excludable from the period within which a trial must
25  commence.

26  ///
27  ///
28  ///

STIPULATION TO CONTINUE PRELIMINARY HEARING    6

1  IT IS SO STIPULATED.

2  Dated: May 28, 2020                              MCGREGOR W. SCOTT
                                                    United States Attorney
3

4                                                    /s/ *Kimberly A. Sanchez*
                                                    KIMBERLY A. SANCHEZ
5                                                   Assistant United States Attorney

6

7  DATED:  May 28, 2020                             /s/*Chris Caine*
                                                    Chris Caine
8                                                   Attorney for Defendant Rudy Soto, Jr.

9

## ORDER

Based upon the facts set forth above, the records of this case, the representations of counsel, and the stipulation of the parties,

IT IS THE FINDING OF THIS COURT that:

Pursuant to Rule 5.1(d) of the Federal Rules of Criminal Procedure, and taking into account the public interest in the prompt disposition of criminal cases, there is good cause to extend the time limit for holding a preliminary hearing until June 30, 2020.

Because no grand jury will likely be in session in the Eastern District of California for the 30-day period after the arrest of the defendant in this case, the period of time for filing of the indictment is extended to pursuant to 18 U.S.C. § 3161(b), namely until July 2, 2020;

The ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a either an indictment or a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.

IT IS HEREBY ORDERED that the preliminary hearing in this case be continued from June 4, 2020 until June 30, 2020 at 2:00 p.m. before Magistrate Judge Stanley A. Boone.

IT IS FURTHER ORDERED THAT for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b) and 3164, within which an indictment must be returned and trial must commence, the time period of June 4, 2020 until June 30, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court

at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial..

IT IS SO ORDERED.

Dated: __May 28, 2020__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE